[18072. Department One.—May 9, 1893.]

# H. B. SANDERS, APPELLANT, *v.* A. W. SEHORN, RESPONDENT.

CLASSIFICATION OF GLENN COUNTY—CONSTRUCTION OF STATUTES—POWER OF LEGISLATURE—COUNTY GOVERNMENT ACT.—Section 14 of the Act of March 11, 1891, conditionally creating Glenn County, providing that the county officers referred to in the act should receive the same compensation provided by general law in counties of the same class, and declaring it to be a county of the thirty-seventh class, must be regarded as simply determining the population, rather than arbitrarily fixing the class to which it should belong when organized, and in which it should remain irrespective of subsequent legislation, which the legislature has no power to do; and under the subsequent County Government Act of March 31, 1891, Glenn County, with the same population, became a county of the forty-first class.

APPEAL from a judgment of the Superior Court of Glenn County.

The facts are stated in the opinion of the court.

*M. J. Keys*, and *C. L. Donohoe*, for Appellant.

*Ben. T. Geis*, *R. A. Long*, and *George D. Dudley*, for Respondent.

GAROUTTE, J.—This was an application for a writ of mandate brought by appellant, recorder of the county of Glenn,

against Sehorn, the auditor of said county, to compel said auditor to draw his warrant in appellant's favor for the sum of $108.33, as salary for the month of January, 1892. The merits of the litigation are fully disposed of by a determination of the class of counties to which Glenn County belonged in January, 1892. The act of March 11, 1891, conditionally creating the county of Glenn, provided (sec. 14, Stats. 1891, p. 101): "The officers elected and appointed under the provisions of this act shall each perform the duties and receive the compensation now provided by general law for the office to which he has been elected or appointed in counties of the class to which the said county of Glenn belongs, under the general classification of counties in this state; and until otherwise provided by law, said county shall be classified as a county of the thirty-seventh class."

The power of the legislature to classify counties for the purpose of regulating the compensation of county officers is limited by section 5 of article XI. of the constitution, which section requires such classification to be made according to the population of the various counties. It is apparent that the legislature has no power to arbitrarily place any particular county in any particular class. Classes of counties are arranged according to a graduated scale of population, and when the population of a county is determined by the legislature its classification is arrived at without trouble.

Upon March 11, 1891, when the legislature declared that Glenn County should be a county of the thirty-seventh class, it was but a declaration that Glenn County had a population over 6,500 and under 6,600, for at that time counties of the thirty-seventh class were counties having a population within those limits. According to the County Government Act, the population of the various counties for the purposes of the act were to be determined from the last preceding federal census; but in the case of newly organized counties, especially where the boundary lines of the new county do not follow township lines, such census would not furnish the *data* contemplated, and for that reason the legislature for the purposes of classification could well declare the population of Glenn County to be over 6,500 and under 6,600, receiving its information for such declaration

from whatever source it saw fit. It would have been the better course for the legislature to have directly determined the population of Glenn County rather than have enacted that it should belong to the thirty-seventh class; under such circumstances it would have clearly stood forth in company with its sister counties, having its numbers settled and ascertained for all the purposes of the County Government Act. It certainly was not contemplated by the legislature, that when it declared Glenn County a county of the thirty-seventh class, it should remain a county of that class, regardless of any future changes in the law whereby the thirty-seventh class might be composed of counties having populations greatly larger or greatly smaller than when Glenn County was placed therein. If the act of the legislature is to be regarded as fixing the class to which Glenn County should belong when organized, rather than determining its population, then it would require a special act of the legislature to take it from the thirty-seventh class; undoubtedly such results were never contemplated or intended. The effect of section 14 of the Glenn County Act was to fix its population, and (in the absence of subsequent legislation) by operation of law it would have become a county of the thirty-seventh class by virtue of that fact upon May 11, 1892, the date of final organization of the county, and would have been such when this proceeding was inaugurated.

Section 235 of the County Government Act of 1891, among other things, provides: "That in all newly created counties for the purpose of fixing the salaries and fees of county and township officers, the board of commissioners appointed to organize said new county, and if no commissioners be appointed, then the board of supervisors of said new county, shall classify said new county according to the population classification of this act." By virtue of this provision, the commissioners appointed under the Glenn County Act, upon the eleventh day of May, 1891, the date of its organization, declared Glenn County to be a county of the forty-first class. It is not necessary to enter into a discussion of the constitutionality of this provision of the County Government Act as being a delegation of power to a board of commissioners or supervisors, for conceding the declaration of such board of commissioners in declaring Glenn County

to be a county of the forty-first class to be void, as *ultra vires,* which we do not decide, still the final result of the litigation will not be changed. Upon March 31, 1891, a County Government Act was passed providing that counties having a population of over 6,400 and under 7,000 shall belong to and be known as counties of the forty-first class. Glenn County came into existence as a county fully organized and equipped May 11, 1891; at that time, under the terms of the act creating it, as we have construed that act, it had a population of more than 6,500, and less than 6,600, and, consequently, came within the limits prescribed for counties of the forty-first class.

In adopting this construction of the foregoing provisions of the various statutes, it is not necessary to hold that the act of March 31, 1891, repealed the act of March 11, 1891. As to the classification of Glenn County, the acts are not even inconsistent. Construing section 14 of the Glenn County Act as simply fixing the population of the county, we find nothing in the County Government Act of March 31st in any way touching upon the question of its population. We conclude that Glenn County is a county of the forty-first class, and for that reason the judgment is affirmed.

PATERSON, J., and HARRISON, J., concurred.