[No. 14498. In Bank. — June 22, 1891.]

# N. J. CODY, PLAINTIFF, v. J. D. MURPHEY, DEFENDANT.

CONSTITUTIONAL LAW — ACT REDUCING SALARIES OF COUNTY OFFICERS IN THIRTY-FIFTH CLASS. — The act of March 14, 1891 (Stats. 1891, p. 106), readjusting and reducing the salaries of all county officers of counties of the thirty-fifth class, is not in conflict with article 1 of section 11 of the constitution, requiring that all "laws of a general nature shall have a uniform operation," nor with article 4, section 25, which prohibits the passage by the legislature of any local or special law "affecting the fees or salary of any officer."

ID. — GENERAL LAWS — LOCAL AND SPECIAL LEGISLATION — CLASSIFICATION OF COUNTIES. — General laws are those which operate alike upon all persons to whom they apply, and apply equally to all persons in the same category within the jurisdiction of the law-making powers; and a law applicable to all the counties of a class authorized by the constitution to be made is neither a local nor special law, but is a general law, and it is immaterial whether there be few or many counties to which its provisions will apply.

ID. — COUNTY GOVERNMENT ACT — AMENDMENT. — The act of March 14, 1891, became operative as an amendment of the County Government Act of 1883, and is in full force and effect until the expiration of office of the present incumbents.

ID. — NEW COUNTY GOVERNMENT ACT — REPEAL OF FORMER ACT — EFFECT UPON INCUMBENTS OF OFFICE. — The new County Government Act of March 31, 1891, reclassifying the counties of the state and fixing the salaries of county officers, expressly provides that the fees and salaries of the incumbents of county offices shall not be affected thereby, and does not, before the expiration of the term of such incumbents, operate to repeal the provisions of the act of 1883, or its amendment of March 14, 1891, readjusting the salaries of county officers of the thirty-fifth class.

APPLICATION to the Supreme Court for a writ of *mandamus.* The facts are stated in the opinion of the court.

*Kellogg & King,* for Plaintiff.

*Attorney-General Hart,* for Defendant.

GAROUTTE, J. — This is an original proceeding for a writ of mandate against the defendant, county auditor of the county of Mono, to compel him, as such auditor, to issue his warrant on the county treasurer of said county, in favor of the plaintiff, who is the sheriff of said county, for the sum of $333.33 as and for his salary as such sheriff for the month of April, 1891.

Under the County Government Act of 1883, Mono County became a county of the thirty-fifth class.

Section 197 of the act of 1883 as amended in 1885 fixed the salaries of the county officers of counties of the thirty-fifth class, and by that section the sheriff's salary was fixed at four thousand dollars per annum.

By an act of the legislature approved March 14, 1891, (Stats. 1891, p. 106), and which was to take effect from April 1, 1891, section 197 of the act of 1885 was amended, readjusting and reducing the salaries of all county officers of counties of the thirty-fifth class, and fixing the compensation of the sheriffs thereof at two thousand dollars per annum.

Plaintiff contends that this act is local and special, and therefore in conflict with article 1, section 11, of the constitution of the state, which requires that all "laws of a general nature shall have a uniform operation," and also that it is in conflict with article 4, section 25, which prohibits the passage by the legislature of any local or special law "affecting the fees or salary of any officer." (Subd. 29.)

If the foregoing act is a general law as contradistinguished from a local or special law, within the meaning of those terms as used in the constitution, then there

can be no question as to its being uniform in its operation, for it acts upon all counties and all officers of counties of the thirty-fifth class.

The case of *Miller* v. *Kister*, 68 Cal. 142, is not in point. Chief Justice Searls, in drawing a distinction between that case and *People* v. *Henshaw*, 76 Cal. 444, said: "The distinction attempted to be made by the statute under consideration in that case is not found here. It dealt with forty-eight classes of officers, and was to take effect as to all of them except three classes, upon the expiration of the terms of office of the incumbents. It was a general law, applying alike to all classes, but took effect at different times upon different classes. No such distinction is made by the law under consideration here. *The statute we are reviewing operates alike upon all the persons to whom it applies, and it applies equally to all persons in the same category.*"

And again, the chief justice says: "To so classify them that general laws applicable to these separate classes (referring to the classification of municipal corporations) will meet the necessities of the case was a wise provision, and a law which applies to one or more, but not to all, of these cases is not for *that reason* special legislation." (*People* v. *Henshaw*, 76 Cal. 444. See also *Longan* v. *County of Solano*, 65 Cal. 125; *Thomason* v. *Ashworth*, 73 Cal. 73.)

Justice Scott, in *Knickerbocker* v. *People*, 102 Ill. 229, appears to state the same rule when he says: "General laws are those which relate to or bind all within the jurisdiction of the law-making power, limited as that power may be in its territorial operation or by constitutional restraints. (*People* v. *Cooper*, 83 Ill. 585; Sedgwick on Statutory and Constitutional Law, 30.) A law applicable to all counties of a class as made or authorized by the constitution is neither a local nor special law. If it applies to all the counties of a class authorized by the constitution to be made, it is a general law; and whether

there may be few or many counties to which its provisions will apply, is a matter of no consequence."

It follows that the act of March 14, 1891, was a general law, of uniform operation, and therefore not hostile to the provisions of the constitution heretofore quoted. It became a part of the County Government Act of 1883 as amended by subsequent acts of the legislature, and is in full force and effect, unless repealed by later legislation.

Subsequent to the fourteenth day of March, 1891, the legislature passed " An act to establish a uniform system of county and township governments." It was approved March 31, 1891, went into effect immediately, and repealed all acts and parts of acts inconsistent with its provisions. (Stats. 1891, p. 295.)

Among other things, it reclassified the counties of the state, for the purpose of regulating the compensation of the county officers of the various counties, and fixed the salaries of all such officers. Section 234 of said act reads: " The provisions of this act, unless otherwise herein provided, so far as it relates to the fees and salaries of all officers named, except justices of the peace and constables, shall not affect the present incumbents."

There can be but one construction placed on this provision of the act, and that is, the legislature intended, except where it was otherwise provided in the act, that the compensation of all county officers holding office upon the thirty-first day of March, 1891, should not be affected by the act. There appears to be nothing in the act " otherwise providing "; and it necessarily follows that the compensation provided for county officers by the act of March 31, 1891, does not affect the plaintiff in this case.

The act of March 14, 1891, went into effect April 1, 1891, unless repealed by the later act of March 31st; but we have already held, in consonance with the views of plaintiff, that the provisions of the act of March 31st, relative to salaries of county officers, does not affect present

incumbents, and consequently does not repeal, until the expiration of the terms of the present officers, the provisions of the act of 1883, with its amendments relating to the compensation of county officers. Therefore the act of March 14, 1891; being an amendment of the act of 1883, and not being repealed, is in full force and effect, and the plaintiff is entitled to his salary thereunder.

Let the application for the peremptory writ be denied.

Paterson, J., Harrison, J., McFarland, J., Sharpstein, J., and Beatty, C. J., concurred.

Rehearing denied.