[S. F. No. 166.   In Bank.—March 17, 1896.]

THEODORE SUMMERLAND, AS ASSESSOR, ETC., PETI-
TIONER, v. CHARLES F. BICKNELL, AS COUNTY
AUDITOR, ETC., RESPONDENT.

CONSTITUTIONAL LAW—COMPENSATION OF OFFICERS—CLASSIFICATION OF
COUNTIES—LOCAL AND SPECIAL LEGISLATION.—The constitution au-
thorizes the classification of counties for the purpose of fixing the com-
pensation of officers in each class, and it is the province of the legislature
to determine how many and what classes may be necessary for that
purpose; and a law fixing such compensation in all the counties of a
specified class, as authorized by the constitution, is neither a local nor
special law, but is a general law, having a uniform operation, though
there be but one county in the class specified.

ID.—COUNTY GOVERNMENT ACT—COMPENSATION OF ASSESSOR—PERCEN-
TAGES—COUNTIES OF SECOND CLASS—CONSTITUTIONALITY OF PROVISO.
The proviso to section 216 of the County Government Act, which ex-
empts counties of the second class, comprising only Los Angeles county,
from the general provisions of that section allowing assessors to receive
and retain for their own use, as compensation, certain percentages for
the collection of personal and poll taxes, and for the enrollment of
names subject to military duty, and which requires the assessor in
counties of the second class to pay all such percentages into the county
treasury, is constitutional and valid.

PETITION for a writ of *mandamus* from the Supreme
Court to the county auditor of Los Angeles County.

The facts are stated in the opinion of the court.

*R. B. Carpenter*, and *C. H. McFarland*, for Petitioner.

The second proviso of the County Government Act of
1893, as amended in 1895, is unconstitutional and void.
(Const., art. I, sec. 2, art. IV, sec. 25, art. VI, sec. 4,
art. XIII, sec. 12; *French* v. *Teschemacker*, 24 Cal. 544;
*Miller* v. *Kister*, 68 Cal. 142; *Earle* v. *Board of Education*,
55 Cal. 489–92; *Omnibus R. R. Co.* v. *Baldwin*, 57 Cal.
165; *Dougherty* v. *Austin*, 94 Cal. 632, 633; *Ex parte
Smith*, 38 Cal. 702; *Pasadena* v. *Stimson*, 91 Cal. 251;
*Darcy* v. *Mayor etc. of San Jose*, 104 Cal. 645, 646; *Welsh*
v. *Bramlet*, 98 Cal. 226.)

*J. A. Donnell, District Attorney,* and *George M. Holton, Deputy District Attorney,* for Respondent.

The act in question is a general law, as it applies to all assessors in counties of the second class. (*Cody* v. *Murphey,* 89 Cal. 524; *Welsh* v. *Bramlet,* 98 Cal. 226; *Abeel* v. *Clark,* 84 Cal. 226; *Dougherty* v. *Austin,* 94 Cal. 629; *Evans* v. *Trenton,* 24 N. J. L. 766; *Farnum* v. *Warner,* 104 Cal. 677; *Nelson* v. *Troy,* 11 Wash. 435.)

McFarland, J.—This is a petition by the plaintiff, as assessor of Los Angeles county, for a writ of *mandamus* to the defendant, as auditor of said county, directing the latter to audit the accounts of the former, and to allow him fifteen per cent on all state and road poll taxes, and six per cent on all personal property taxes collected by said assessor.

Various sections of the Political Code and of the County Government Act are cited by counsel in their briefs; but in determining the question here presented it is only necessary to consider sections 162 and 216 of the County Government Act, as amended by the act of January 25, 1895—to be found on pages 1 to 11 of the statutes of 1895. By said section 162 the several counties of the state are classified according to their population "for the purpose of regulating the compensation of all officers," and by that classification Los Angeles is in the second class, and at present is the only county in that class. Section 216 provides that the salaries and fees mentioned in the act shall be in full for all services rendered by officers and their deputies and assistants, and that the principals must pay their own deputies except as otherwise provided in the act; but that the assessor shall receive and retain for his own use six per cent on all personal property taxes collected by him, and fifteen per cent on all state and road poll taxes, and also five dollars for every hundred names of persons returned by him as subject to military duty. Then follows the proviso out of which this litigation arises, and it is as follows: "Provided, however, that in counties of the

second class the percentage received by the assessor on poll taxes and personal property taxes, and also amounts allowed for returning names of persons subject to military duty, and which in counties of the other classes is allowed to the assessor as compensation, shall be paid by him into the county treasury, and no part thereof shall be retained by him as compensation, and all expenses in collecting the same shall be paid by the county."

It is contended by plaintiff that the proviso last-above quoted is unconstitutional and invalid; and that, therefore, it should be disregarded, and the other parts of the section held applicable to the assessor of Los Angeles county as well as to all other assessors. It is contended that said proviso violates section 25 of article IV of the constitution, which provides that the legislature shall not pass "local or special" laws, "for the assessment or collection of taxes," "affecting the fees or salary of any officer," "in all other cases where a general law can be made applicable"; also that it is repugnant to section 11 of article I, which provides that "all laws of a general nature shall have a uniform operation"; and to section 5 of article XI, which provides that the legislature shall regulate the compensation of public officers in proportion to duties. We do not think that the contention can be maintained as to either of the constitutional provisions invoked.

When such a classification of counties as the constitution warrants has been made by the legislature, a statutory provision which applies equally to all the counties of that class is neither local, special, nor wanting in uniformity. And by section 5, article XI, it is expressly provided that the legislature " shall regulate the compensation of all such [county] officers in proportion to duties; and for this purpose may classify the counties by population." Such was the classification and regulation provided for in sections 162 and 216 of the County Government Act. In *Cody* v. *Murphey*, 89 Cal. 522, this court in bank said by Mr. Justice Garoutte: "A law applicable to all counties of a class as made or author-

ized by the constitution is neither a local nor special law. If it applies to all the counties of a class authorized by the constitution to be made, it is a general law; and whether there may be few or many counties to which its provisions will apply is a matter of no consequence." That case arose out of the County Government Act, and involved the power of the legislature to classify counties for the purpose of regulating compensation of officers; and the court further said: "There can be no question as to its being uniform in its operation; it acts upon all counties and all officers of counties of the twenty-fifth class." (See, also, *People* v. *Henshaw*, 76 Cal. 436, and *Welsh* v. *Bramlet*, 98 Cal. 219.) And the fact that there is only one county in a particular class makes no difference. It is not the province of a court to determine how many classes are necessary; "the proper determination of that question of necessity depends upon a variety of considerations which are for the legislature, and not for the courts." (*Longan* v. *County of Solano*, 65 Cal. 125. See, also, *Welsh* v. *Bramlet, supra.*)

Whether or not the provision of section 216 in question works a hardship to the plaintiff is not a legitimate question here. He gets as assessor a salary of three thousand eight hundred dollars per annum, and the section provides that "all expenses in collecting the same [said taxes] shall be paid by the county"; and it is averred in the answer that all such expenses were paid by the county. Appellant says that the provision that the county shall pay such expenses is unconstitutional. That question is not before us, although we may properly say that, whether or not the legislature can provide for the payment of the actual expenses of collecting such taxes, the amount to be ascertained, as in the case of other demands, is at least an open question. But, under any view, the only question in the premises would be whether or not the provision as to compensation is a wise and proper law; and that question must be answered by the legislature, and not by the courts.

The prayer of the plaintiff is denied and the petition dismissed.

GAROUTTE, J., HARRISON, J., VAN FLEET, J., HENSHAW, J., and TEMPLE, J., concurred.