[S. F. No. 3640. In Bank.—February 27, 1906.]

WILLIAM D. JOHNSON, Appellant, v. H. L. GUNN, Auditor of Napa County, Respondent.

JUSTICES OF THE PEACE—COMPENSATION IN CRIMINAL CASES—CLASSIFICATION OF TOWNSHIPS BY CENSUS—CONSTITUTIONAL LAW.—The provision of the act of 1901, amending section 184 of the County Government Act of 1897, with respect to counties of the twenty-seventh

class, classifying townships therein "according to their population as shown by the federal census of 1900," so far as affecting the compensation of justices of the peace in criminal cases therein is not special legislation, nor violative of any provision of the state constitution; and the salary therein provided for according to the population as shown by such census cannot be increased by averment of a greater actual population.

ID.—POWER OF LEGISLATURE TO CLASSIFY—CONSTITUTIONAL DISTICTION.—The power granted by the constitution to the legislature to classify counties for the regulation of the compensation of county officers, in proportion to their duties, implies the power of the legislature to pass a law regulating the compensation of township officers in counties of any one class, and to pass a different law regulating the compensation of township officers in counties of another class, without violating any provision of the constitution against special legislation, or against a want of uniformity.

APPEAL from a judgment of the Superior Court of Napa County.   H. C. Gesford, Judge.

The facts are stated in the opinion of the court.

Bell, York & Bell, for Appellant.

R. Benjamin, for Respondent.

SHAW, J.—This is a proceeding in *mandamus* to compel the defendant, as county auditor of Napa County, to draw a warrant upon the county treasurer for the sum of fifty-five dollars in payment of the salary of plaintiff, for his services in criminal cases, as justice of the peace of Yount Township of that county for the month of January, 1903.   The defendant refused to draw such warrant for a sum exceeding thirty dollars as the full salary for that month.   Judgment was given in the court below in favor of the defendant upon a demurrer to the complaint.

The question raised is whether the salary of the plaintiff is by law fixed at fifty-five dollars a month or thirty dollars a month, and it depends upon the validity and effect of provisions thereunto relating, found in the act of March 23, 1901, amending section 184 of the County Government Act of April 1, 1897.   (Stats. 1901, p. 750, c. 234; Stats. 1897, p. 538, c. 277.)   Section 184 relates exclusively to the subject of the compensation of the county and township officers of

counties of the twenty-seventh class, which consists of counties
having a population of 16,000 and under 16,475, and includes
Napa County alone. The provision for the compensation of
township officers, so far as material to the question presented,
is as follows: "(13) For the purpose of regulating the com-
pensation of justices of the peace and constables, townships
in this class of counties are hereby classified according to their
population, as shown by the federal census of nineteen hun-
dred, as follows: Townships having a population of five
thousand or more shall belong to and be known as townships
of the first class; townships having a population of three thou-
sand and less than five thousand shall belong to and be known
as townships of the second class; townships having a popula-
tion of one thousand and less than three thousand shall belong
to and be known as townships of the third class; and town-
ships having a population of less than one thousand shall
belong to and be known as townships of the fourth class.
Justices of the peace and constables shall receive the follow-
ing salaries, which shall be paid monthly, in the same manner
as salaries of county officers are paid, and which shall be in
full for all services rendered by them in criminal cases, to wit:
In townships of the first class, seventy-five dollars; in town-
ships of the second class, fifty-five dollars; in townships of
the third class, thirty dollars; and in townships of the fourth
class, twenty dollars." According to the census of 1900 the
population of Yount Township at that time numbered 2,982.
The complaint alleges that its actual population then and
thereafter was over three thousand.

The principal objection to the validity of this provision is
that it is not a "general and uniform law" within the intent
and purpose of section 5 of article XI of the constitution,
which declares that "the legislature, by general and uniform
laws, shall provide for the election or appointment, in the
several counties, of boards of supervisors, sheriffs, county
clerks, district attorneys, and such other county, township,
and municipal officers as public convenience may require, and
shall prescribe their duties and fix their terms of office. It
shall regulate the compensation of all such officers, in pro-
portion to duties, and for this purpose may classify the
counties by population." Another objection, which is prac-
tically the same, is that it is contrary to the provisions of sec-

tion 11 of article I, requiring all laws of a general nature to
be of uniform operation, and also to section 24 of article IV
(subds. 9 and 33), which forbids the passage of special or
local laws regulating county and township business, or in
any case where a general law can be made applicable. It is
not contended that this provision is local or special, or not
uniform, when it is considered solely with respect to its
application to the several townships of the class of counties
to which, alone, it relates, nor that the classification made by
the subdivision quoted does not show such a substantial differ-
ence in the population of the different classes established as
would justify a difference in the respective salaries allowed.
The part of the subdivision quoted which, it is claimed, vio-
lates these constitutional restrictions is the provision whereby
the classification of townships is to be made according to their
population "as shown by the federal census of 1900." The
proposition that it is local and special and not uniform in
its operation, is deduced from the fact that in other sections
of the County Government Act, relating exclusively to other
classes of counties in which the townships are classified by
population for the purpose of fixing the compensation of the
officers of such townships in those classes of counties, a
different mode is established for determining the population.
In twelve of these classes no method of ascertaining the popu-
lation is prescribed. In others it is respectively to be de-
termined by multiplying by five the vote of the particular
township at the last general election for governor, or the vote
for presidential electors, or the number of registered voters
at the last preceding election; in others the supervisors are to
determine the population in such manner as they may see fit,
and in seven of the classes the mode here involved is adopted.
The consequence of the adoption of these different methods
of ascertaining the population of the townships in the re-
spective classes of the counties is, according to the theory of
the appellant, that it renders void a provision applying to
any particular class and not to the others, and presumably, in
its logical results, that it destroys the uniform operation of
the law as a whole and makes all the provisions on the subject,
in every one of the fifty-seven classes established by law
wherein a classification of townships is made, unconstitutional
and void, not only as to the mode of ascertaining such popula-

tion, but also as to the compensation of township officers fixed by reference to such classification. We are of the opinion that this proposition cannot be successfully maintained.

The general principles-which determine the validity of such legislation are well settled in this state and elsewhere. ''A law which applies alike to all subjects upon which it acts, or, in other words, a law which applies equally to all persons or things within a legitimate class to which, alone, it is addressed, does not violate the provision requiring laws of a general nature to have a uniform operation, and it is neither local nor special. (*People* v. *Henshaw,* 76 Cal. 446, [18 Pac. 413]; *Ex parte Halstead,* 89 Cal. 472, [26 Pac. 961]; *Cody* v. *Murphey,* 89 Cal. 524, [26 Pac. 1081]; *Abeel* v. *Clark,* 84 Cal. 230, [24 Pac. 383]; *Summerland* v. *Bicknell,* 111 Cal. 569, [44 Pac. 232]; *Hellman* v. *Shoulters,* 114 Cal. 147, [44 Pac. 915, 45 Pac. 1057]''; *Ex parte Sohncke, ante,* p. 262, [82 Pac. 956].) ''It has been uniformly held that a law is general which applies to all of a class—the classification being a proper one—and that the requirement of uniformity is satisfied, if it applies to all of the class alike.'' (*Hellman* v. *Shoulters,* 114 Cal. 147, [44 Pac. 915, 45 Pac. 1057].) The classification is a proper one if the subjects included in it have some natural or intrinsic or constitutional distinction which differentiates them from other subjects of like general character, a distinction which bears some relation to, furnishes reasonable cause for, or makes appropriate, the particular legislation. (*Pasadena* v. *Stimson,* 91 Cal. 249, 251, [27 Pac. 604]; *Darcy* v. *Mayor,* 104 Cal. 645, [38 Pac. 500]; *Bruch* v. *Colombet,* 104 Cal. 351, [38 Pac. 45]; *Rauer* v. *Williams,* 118 Cal. 401, [50 Pac. 691]; *Deyoe* v. *Superior Court,* 140 Cal. 476, 481, [74 Pac. 28, 98 Am. St. Rep. 73]; *Ex parte Sohncke, ante,* p. 262, [82 Pac. 956]; 26 Am. & Eng. Ency. of Law, 2d ed., 683; 8 Cyc. of L. & P. 1052.)

In the present case the distinction necessary for the justification of the particular legislation involved is furnished by the section of the constitution above quoted. That section, under the principles above stated, authorizes the legislature to create these classes of counties and to make laws applying exclusively to any one of such classes. It furnishes a constitutional distinction for the separate legislation, and thus renders it unnecessary that there should be any natural or intrinsic

distinction which might also serve to make the legislation appropriate. The section empowers the legislature to make the classification of counties for the purpose of regulating the compensation of all the officers therein named. It therefore includes the township officers in the respective classes of counties and puts them in the same category in this respect as the county officers. Hence, a law which classifies the counties by population, for the purpose of regulating the compensation of the township officers of such counties, or which for that purpose creates a single class of counties embracing all which fall within certain limits of population, and which regulates the compensation of such township officers, without operating at all on the township officers of other counties not coming within the class, is valid and constitutional because it is a law specially permitted by this clause of the constitution, although in the absence of such permission, we might not be able to discover a natural or intrinsic difference between the particular county and other counties not within the class, sufficient to justify the different legislation. In *Summerland* v. *Bicknell*, 111 Cal. 569, [44 Pac. 232], speaking with reference to a classification of counties, made for the purpose of regulating the compensation of county and township officers, the court says: "When such a classification of counties as the constitution warrants has been made by the legislature, a statutory provision which applies equally to all the counties of that class is neither local, special, nor wanting in uniformity." In *Welsh* v. *Bramlet*, 98 Cal. 226, [33 Pac. 68], it is said: "When such classification has been made, a statute providing for the compensation of the officers within any class is a general law, and it is immaterial whether such provision be in a special statute for each class, or in a single act providing for all of the classes, and an amendment to such statute which affects an entire class is equally a general law, as was the original act." The same doctrine was announced in *Cody* v. *Murphey*, 89 Cal. 522, [26 Pac. 1081], and *Farnum* v. *Warner*, 104 Cal. 679, [38 Pac. 421].

We have, therefore, a classification authorized by the constitution and one which is sufficient to justify distinct and separate legislation for each class, and a law which regulates the compensation of the township officers of all the counties in the class to which it is directed and which applies equally to

all the counties of that class. Its validity must be determined by the same standards and principles as if it had been enacted in a separate act applying to this class of counties alone and had been passed at a different time and independently of legislation respecting any other class. Under these circumstances and in view of the principles heretofore stated, we must conclude that the provisions made by the legislature in other acts, or in other sections of the same act, regulating the compensation of officers in other classes of counties, cannot be referred to or taken into consideration for the purpose of determining from them that the provisions relating to the townships in this class of counties are unconstitutional because special, or local, or not uniform with those adopted for the other classes. This proposition was practically decided in *Tulare County* v. *May,* 118 Cal. 308, [50 Pac. 427]. The same doctrine has been announced by this court in other cases and with respect to other subjects. In every county government law enacted since the adoption of the present constitution the legislature has prescribed different standards of compensation and different modes of determining the same in the different classes of counties created, and in some cases there have been similar differences as to the different officers within the same class. In some classes there has been a fixed salary at so much a year or month, while in others there has been allowed a certain fee for each item of service, and the precise amount for each year or month is thereby left indeterminate and variable from month to month. Nevertheless, this want of uniformity in the provisions governing the several classes does not affect the validity of the law. (*Vail* v. *San Diego County,* 126 Cal. 36, [58 Pac. 392] ; *San Luis Obispo County* v. *Drake,* 76 Cal. 94, [18 Pac. 118].) So, also, in the case of cities, the legislature has express power by the constitution to classify them by population for the purpose of providing for their incorporation and organization, and it has done so by a general law providing for six different classes of cities. The manner of carrying on the city government in each class differs in material respects from that provided in any other class. And changes have been made from time to time by laws applicable solely to a particular class. It has not been contended that the enactment of such law for a single class of cities providing a form of government radically different from that of any other class has any effect

upon the validity of the law applying to the other classes, nor
that the fact that it was a different plan of government from
the others brings it within the constitutional limitations pro-
hibiting local and special laws or laws not of uniform appli-
cation. It is different with regard to laws upon a subject not
pertaining to the purpose for which the classification is per-
mitted. With respect to such laws the constitutional distinc-
tion does not exist, and there must be some natural or intrinsic
distinction to authorize the difference in the legislation. This
is pointed out in *Pasadena* v. *Stimson,* on page 249 of 91 Cal.,
[page 606 of 27 Pac.], where the court says: "It is true that
the legislature is empowered by section 6 of article XI of the
constitution to classify cities in proportion to population for
the purpose of incorporation and organization, and it is un-
doubtedly true that a law limited to these purposes is not
unconstitutional because it makes different regulations for
the different classes. But the mode of exercising the power
of eminent domain, and the conditions upon which it may be
invoked (which were the statutory provisions there involved)
are no part of municipal organization. They are the subject
of general laws applicable to every person alike, and the legis-
lature has no power to make arbitrary discriminations in this
respect between different classes of persons." The same propo-
sition has been applied to laws expressly made applicable to
certain classes of counties according to the classification made
for the purpose of fixing compensation of officers but which
did not relate at all to the subject of compensation. Such
discrimination is held unconstitutional, unless there exists, as
a reason therefor, some natural or intrinsic distinction, as
distinguished from the constitutional distinction which it was
held was not applicable to the particular legislation. (*Bloss*
v. *Lewis,* 109 Cal. 497, [41 Pac. 1081]; *Pratt* v. *Browne,* 135
Cal. 652, [67 Pac. 1082].)

The provision of the law declaring the mode of ascertain-
ing the population of the respective townships in counties
of the twenty-seventh class, for the purpose of adjusting
the salaries of the respective officers of such townships in
proportion to duties, is a provision relating directly to the
purposes for which such classification of counties is permitted,
and it is limited to those purposes alone. Under the prin-
ciples established by the decisions to which we have referred,

such a law was properly made applicable exclusively to counties of that particular class and cannot be said to be either local or special or lacking in uniformity.

Section 5 of article XI of the constitution does not expressly confer power to classify by population the townships within any particular class of counties for the purpose of regulating the compensation of the officers of such townships. The power to make such classification for that purpose is a part of the general power of the legislature to classify whenever there is a natural or intrinsic distinction sufficient to justify different legislation. The existence of this power is now established by the decisions of this court. In *Tucker* v. *Barnum,* 144 Cal. 269, [77 Pac. 919], the court said: "Since, within the view of the framers of the constitution, this [classifying counties by population] was the proper mode for fixing the compensation of county officers, if there be no constitutional inhibition to the contrary, no reason can be perceived why a like method of classification of townships should be other than proper. And, notwithstanding the *dictum* in *Sanchez* v. *Fordyce,* 141 Cal. 427, [75 Pac. 56], we can discover no such inhibition in the constitution. . . . When the legislature undertakes to salary such township officers it is difficult to perceive how this can fairly be done within the requirements of the constitution if it were not permissible so to classify townships." *McCauley* v. *Culbert,* 144 Cal. 277, [77 Pac. 923], is to the same effect, both decisions being by the court in Bank. The decisions in *Tucker* v. *Barnum,* 144 Cal. 269, [77 Pac. 919], and *Millard* v. *Kern County,* 147 Cal. 682, [82 Pac. 329], holding that with respect to the different townships of a given class of counties the method of fixing the compensation of township officers must be uniform and in substantially the same proportion to duties, when applied to such townships, have no application to the question on which the present case depends. They manifestly go upon the proposition we have stated, that such laws are not valid unless they operate uniformly upon all the subjects as to which there exists no natural or intrinsic distinction justifying the different legislation.

The argument has been advanced that the law in question is unconstitutional because, when compared with the provisions of law applying to townships in other classes of counties

CXLVIII Cal.—48

in which also the compensation is fixed in accordance with population, it is found that an entirely different ratio of population to compensation is adopted, and hence it is said that the law as a whole is not uniform, and that it violates that provision of section 5 of article XI commanding the legislature to fix the compensation in proportion to duties. The. argument implies that the duties must always bear the same proportion to population. In respect to this contention it must be observed that the constitution does not declare that the compensation of officers must be regulated in proportion to *population.* Its command is that such compensation is to be regulated in proportion to *duties.* In *Longan* v. *Solano County,* 65 Cal. 122, [3 Pac. 463], the same argument was made with regard to the County Government Act of 1883, the first act passed in pursuance of this section of the constitution. Perhaps no subsequent act of this character has presented such striking disparities in the amount of compensation fixed for officers of the same kind in different counties having substantially the same population. In the briefs of counsel in that case this was made the principal subject of attack upon the constitutionality of the law. The court, however, in that case refused to adopt this argument as a sufficient objection to the law, saying: "Counsel argues this proposition as if the constitutional provision was that the legislature should regulate the compensation of the officers of the various counties, townships, etc., in accordance to this classification by population. But this is not at all so. The requirement is that the compensation shall be regulated in proportion to duties, and as a means of doing that, the legislature is authorized to classify the counties by population." This has ever since been considered the settled law of the state. The population, therefore, is not the controlling factor in the determination of the proper compensation. It is but a convenient method of classification, in order the better to approximate the just proportion of compensation to duties, and it is the duties to be performed which the legislature must particularly have in mind, so far as it is practicable to ascertain them, when it considers the question of proper compensation to be given. It is consequently a matter of no great importance that the method of arriving at the number of the population of the townships shall be the same in one class of

counties as in the others, since the legislature may, and generally does, to some extent disregard the measure afforded by the population, and fixes the compensation according to its judgment as to the duty to be performed. The courts cannot say, as matter of law, that the duties would bear the same proportion to population in one community as in another. The constitution does not establish the rule that the compensation allowed to the officers of townships in the several counties of the state must bear the same proportion to population in one township as it does in the others, nor the same proportion in all the classes of counties. We are of the opinion that the law in question is valid, that under it the plaintiff was entitled to but thirty dollars a month for his salary, and that the superior court properly sustained the demurrer to the complaint and rendered judgment in favor of the defendant.

The judgment is affirmed.

Angellotti, J., Henshaw, J., McFarland, J., and Lorigan, J., concurred.