[S. F. No. 20959. In Bank. June 13, 1963.]

COUNTY OF MADERA, Plaintiff and Respondent, v. LESTER J. GENDRON, as District Attorney, Defendant and Appellant.

Lester J. Gendron, in pro. per., for Defendant and Appellant.

Everett L. Coffee and Roy E. Wolfe, County Counsel, for Plaintiff and Respondent.

TOBRINER, J.—We are called upon to adjudge the constitutionality of Government Code section 28135 insofar as it prohibits the District Attorney of Madera County from engaging in the private practice of law and to determine, if he does so, whether the county may lawfully withhold his salary. We shall point out why we have concluded that Government Code section 28135 is valid, but that the county should not withhold the district attorney's salary because of his failure to observe the section. We likewise set forth our reasons for holding that the action has not become moot.

The County of Madera brought this action for declaratory relief against the District Attorney of Madera County for a determination of whether it could legally pay the defendant his salary in view of the fact that he allegedly engaged in the private practice of law contrary to the provisions of the above mentioned section 28135 of the Government Code.[1] Defendant admitted in his answer that he did thus engage in private practice but filed a cross-complaint which sought a declaration of the unconstitutionality of section 28135 by reason of section 11 of article I, section 25 of article IV and section 5 of article XI of the California Constitution.

The trial court upheld the validity of the challenged legislation and ruled that the plaintiff could not legally pay the defendant's salary if he were engaged in the private practice of law; the court entered judgment in accordance with its decision. Defendant appeals from that judgment.

We begin by delineating the legislative design for the regulation of county government. Government Code section 28020 constitutes a legislative declaration of the population of the several counties in California. Sections 28022-28079 segregate each county by population so that each classification embraces but one county. The salaries of specified officers in each classification are fixed by sections 28101-28158; some of these sections also purport to restrict the private practice of law by the district attorney. Section 28056 defines counties with a population of 37,000 and under 48,000 as counties of the 35th class. Only Madera County meets this description. Section 28135 provides for salaries in counties of the 35th class.

▮ Defendant's first contention, that this system of classification is illusory under article XI, section 5, of the Cali-

---

[1]Government Code section 28135 provides in part:

"(b) The district attorney, ten thousand dollars ($10,000) a year. He shall devote his entire time to the duties of his office and shall not engage in the private practice of law during his term of office."

fornia Constitution, cannot stand. The section provides: "The Legislature, by general and uniform laws, shall provide for the election . . . of . . . district attorneys . . . and shall prescribe their duties and fix their terms of office. It shall regulate the compensation of . . . district attorneys . . . in the respective counties and for this purpose may classify the counties by population. . . ." Prior rulings dispose of defendant's argument of unconstitutionality; we have consistently upheld the validity of the system; defendant now offers no new reason to invalidate it. (*Longan* v. *County of Solano* (1884) 65 Cal. 122 [3 P. 463]; *Sanders* v. *Sehorn* (1893) 98 Cal. 227 [33 P. 58]; *Summerland* v. *Bicknell* (1896) 111 Cal. 567 [44 P. 232]; *Johnson* v. *Gunn* (1906) 148 Cal. 745 [84 P. 665].) ■ We similarly reject defendant's contention that the classification system constitutes local or special legislation under section 25 of article IV, or that it lacks general operation within the meaning of section 11 of article I. (*Summerland* v. *Bicknell, supra*; *Johnson* v. *Gunn, supra.*)

■ We find no validity in defendant's second contention that the Legislature could not validly restrict the private practice of law by the District Attorney of Madera County in light of the Legislature's concurrent omission of a like restriction upon the district attorneys of other counties. Goverment Code sections 28101-28158 disclose that the Legislature has not restricted the practice of law by the district attorney in some counties while in others it has either totally or partially prohibited such practice. Although the population of the counties and imposition of a restriction on the private practice of law are not necessarily correlated, the legislative enactment shows a tendency toward such a restriction in the more populous counties.

Notwithstanding this lack of uniformity, the challenged provision meets the test of constitutionality. It is true that article XI, section 5, specifically permits the classification of counties for the regulation of *compensation* of specific officers and that it does not expressly authorize a proscription of their *duties* on that basis. ■ The familiar rules, however, require that "The Constitution and the statute are to be read together," and that if "the terms of a statute are by fair and reasonable interpretation capable of a meaning consistent with the requirements of the Constitution, the statute will be given that meaning, rather than another in conflict with the Constitution." (*County of Los Angeles* v. *Legg* (1936) 5 Cal.2d

349, 353 [55 P.2d 206].) Pursuant to this imperative, and for the reasons stated below, we hold that the restriction on the private practice of law goes to the compensation, rather than the duties, of the office of the District Attorney of Madera County.

The duties of the district attorney, as fixed by the Legislature, apply uniformly throughout the state. (Gov. Code, §§ 26500-26529.) The restriction on the private practice of law does not augment or reduce *the duties* of the District Attorney of Madera County; these remain constant; section 28135 merely applies to work beyond and outside of the duties of the district attorney and proscribes such an external area of work. As a part of the compensation of their offices, the Legislature permits certain district attorneys to engage in the private practice of law, thus giving them an opportunity to increase their total compensation. By prohibiting such activity, the Legislature has determined that the District Attorney of Madera County should not enjoy this privilege; the effect of the legislation is to limit his compensation to the official figure. In this connection we note that when the Legislature first enacted this restriction upon the District Attorney of Madera County, it simultaneously increased his salary from $7,500 to $10,000 per annum. (Stats. 1957, p. 2921, amending Gov. Code, § 28134, the section then applicable to Madera County.)

Finally, in upholding the validity of the legislation, we find additional support in the longstanding practice of the Legislature, both before and after the 1933 amendment to article XI, section 5, to impose restrictions on the private practice of law by district attorneys. (See, e.g., Stats. 1921, p. 1085.) This legislative construction of the constitutional provision is of ''very persuasive significance'' to the courts in sustaining the constitutionality of the statute. (*Delaney* v. *Lowery* (1944) 25 Cal.2d 561, 569 [154 P.2d 674]; *Reynolds* v. *State Board of Equalization* (1946) 29 Cal.2d 137 [173 P.2d 551, 174 P.2d 4].)

 We turn to the second issue before us: the right of defendant to receive his salary. We do not believe that our determination that the Legislature has prohibited the defendant from engaging in the private practice of law should result under the present circumstances in defendant's proscription from the receipt of his salary.

Plaintiff contends that the statutory inhibition upon the private practice of law operates as a condition precedent or condition concurrent upon the right of the district attorney to

receive his salary; that by failing to abide by the restriction, the district attorney forfeits that right. Although the Legislature could have attached such a condition to the receipt of the salary, we do not believe that the statutory language does so here.

To adopt the construction urged by the plaintiff would cause a forfeiture which would work a harsh and unjust result; we are reluctant so to construe the statute in the absence of a clear indication by the Legislature that it so intended. (*Metropolitan Water Dist.* v. *Adams* (1948) 32 Cal.2d 620 [197 P.2d 543]; *Bakkenson* v *Superior Court* (1925) 197 Cal. 504 [241 P. 874].) To withhold all salary from the district attorney in order to effectuate the section is to use a blunt instrument of enforcement despite the availability of more sensitive sanctions which may be tailored to the nature and gravity of the breach.

We hold, therefore, that the defendant may lawfully receive his salary during his term of office, notwithstanding his failure to conform to the proscription upon engaging in the private practice of law. It is thus unnecessary to consider defendant's contention that the common law rule that "the salary is an incident to the title of the office and not to the performance of its duties" prohibits the plaintiff from withholding payment of his salary.[2]

We come finally to defendant's argument that the present controversy is moot because he was defeated for reelection and his successor took office on January 7, 1963. Certainly this alleged mootness goes only to our determination of whether the defendant may engage in the private practice of law during his tenure as the District Attorney of Madera

---

[2] The defendant argues that "the right to receive the salary attached to an office is an incident to the title of the office and not to the exercise of its duties" and that he therefore should obtain his compensation so long as he holds title to the office. The cited language is found in many California cases. An examination of these cases reveals that the phrase is a statement of two common law rules: a de jure officer will receive his salary from the date of his appointment or election, notwithstanding his failure to perform the duties of his office pending adjudication of his title to the office (*People* ex rel. *Stratton* v. *Oulton* (1865) 28 Cal. 44; *People* ex rel. *Dorsey* v. *Smyth* (1865) 28 Cal. 21; *Chubbuck* v. *Wilson* (1907) 151 Cal. 162 [90 P. 524, 12 Ann.Cas. 888]), and a wrongfully dismissed officer may recover his back salary (*Ward* v. *Marshall* (1892) 96 Cal. 155 [30 P. 1113, 31 Am.St.Rep. 198]; *Derrick* v. *City of Vallejo* (1935) 4 Cal.App.2d 25 [40 P.2d 949]; cf. *City of Oakland* v. *Lyckberg* (1928) 95 Cal.App. 71 [272 P. 606]). Thus these cases fall short of providing a controlling rule which leads to a solution of the present controversy.

County; the legality of the salary payments to the defendant remains in controversy notwithstanding his failure to win re-election. Although that eventuality renders inapplicable that portion of the judgment which decrees that "Lester J. Gendron . . . is forbidden to engage in the private practice of law during his term as District Attorney of said County of Madera," we hold that this issue is not moot.

The issue of whether the District Attorney of Madera County may engage in the private practice of law during his term of office is a question of general public interest. Such questions do not become moot by reason of the fact that the ensuing judgment may no longer be binding upon a party to the action. (*DiGiorgio Fruit Corp.* v. *Department of Employment* (1961) 56 Cal.2d 54, 58 [13 Cal.Rptr. 663, 362 P.2d 487]; *In re Newbern* (1961) 55 Cal.2d 500, 505 [11 Cal.Rptr. 547, 360 P.2d 43]; *Almassy* v. *Los Angeles County Civil Service Com.* (1949) 34 Cal.2d 387, 390 [210 P.2d 503]; *Terry* v. *Civil Service Com.* (1952) 108 Cal.App.2d 861, 872 [240 P.2d 691]; *Southern Pac. Terminal Co.* v. *Interstate Commerce Com.* (1911) 219 U.S. 498 [31 S.Ct. 279, 55 L.Ed. 310]; *Perry* v. *Oregon Liquor Control Com.* (1947) 180 Ore. 495 [177 P.2d 406].)

A determination of the instant question affects the defendant's successors in office as well as the district attorneys of other counties who serve under similar statutory disabilities. The certainty afforded by appellate resolution of this question is preferable to the uncertainty we would engender in Madera and other counties by failure to resolve the issue.

The judgment is affirmed insofar as it provides that Government Code section 28135 is valid and constitutional; the remaining portions of the judgment are reversed for further proceedings consistent with this opinion. The parties shall bear their respective costs on appeal.

Gibson, C. J., Traynor, J., Schauer, J., McComb, J., Peters, J., and Peek, J., concurred.