Filed 7/31/13  In re K.M. CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re K.M., a Person Coming Under the Juvenile Court Law. | |
| FRESNO COUNTY DEPARTMENT OF SOCIAL SERVICES,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>S.M.,<br><br>Defendant and Respondent;<br><br>K.M.,<br><br>Appellant. | F065954<br><br>(Super. Ct. No. 10CEJ300186)<br><br>**OPINION** |

APPEAL from an order of the Superior Court of Fresno County.  Brian M. Arax, Judge.

Beth A. Melvin, under appointment by the Court of Appeal, for Appellant.

Kevin B. Briggs, County Counsel, and William G. Smith, Deputy County Counsel, for Plaintiff and Respondent.

No appearance for Defendant and Respondent.

-ooOoo-

K.M., a juvenile court dependent, appeals from the October 17, 2012 juvenile court orders which, inter alia, took dependency jurisdiction over her under Welfare and Institutions Code section 300, subdivisions (b) and (j), removed her from the custody of her mother, S.M., and ordered reunification services for mother. (Welf. & Inst. Code, § 361, subd. (c)(1).)[1] In ordering services for mother, the juvenile court rejected the recommendation of the Fresno County Department of Social Services (Department) that mother be denied services pursuant to (1) section 361.5, subdivision (b)(10), as the Department failed to satisfy its burden of proving by clear and convincing evidence that mother had not made reasonable efforts to treat the problems that led to the removal of K.M.'s siblings in a prior dependency case, and (2) section 361.5, subdivision (b)(13), as it found the Department failed to satisfy its burden of proving by clear and convincing evidence that mother had a history of extensive, abusive and chronic use of drugs and, even if that burden was satisfied, the juvenile court found the provision of services to mother was in K.M.'s best interest.

In briefing filed with this court, K.M. challenges only the order of reunification services, arguing the juvenile court erred as a matter of law when it declined to find the reunification bypass provision of section 361.5, subdivision (b)(13) applicable to mother and abused its discretion when it found it was in K.M.'s best interest to order services. K.M. asks us to reverse the order for reunification services and remand the matter to the juvenile court with instructions that it enter an order terminating mother's services. On May 22, 2013, while this appeal was pending, the juvenile court held a six-month review hearing with respect to K.M. At that hearing, the juvenile court terminated mother's reunification services and set a section 366.26 hearing for September 9, 2013.

By a June 26, 2013 letter, this court invited the parties to file supplemental briefing on (1) the propriety of taking judicial notice of the juvenile court's May 22, 2013

---

[1] All further statutory references are to the Welfare and Institutions Code.

minute order and orders attached thereto, and (2) whether K.M.'s challenge to the juvenile court's order of reunification services is now moot. Only K.M. filed a response. While she does not object to our taking judicial notice of the minute order and impliedly recognizes the appeal is moot, she nevertheless asks us to consider the issue she raises because it is an important legal issue of public interest that is capable of repetition, yet evading review.

The question of mootness in a dependency case should be decided on a case-by-case basis. (*In re Dani R.* (2001) 89 Cal.App.4th 402, 404-405.) It is the duty of this court to decide actual controversies by a judgment that can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law that cannot affect the case in issue. (*Eye Dog Foundation v. State Board of Guide Dogs for the Blind* (1967) 67 Cal.2d 536, 541.) When, pending an appeal from a trial court judgment, an event occurs that renders it impossible for the appellate court, even if it should decide the case in favor of appellant, to grant any effectual relief whatever, the appellate court will not proceed to a formal judgment, but will dismiss the appeal. (*Ibid.*)

A reviewing court, however, may exercise its inherent discretion to resolve an issue rendered moot by subsequent events if the question to be decided is of continuing public importance and is one capable of repetition, yet evading review. (*In re Raymond G.* (1991) 230 Cal.App.3d 964, 967.) "[I]f a pending case poses an issue of broad public interest that is likely to recur, the court may exercise an inherent discretion to resolve that issue even though an event occurring during its pendency would normally render the matter moot." (*In re William M.* (1970) 3 Cal.3d 16, 23; see, e.g., *Liberty Mut. Ins. Co. v. Fales* (1973) 8 Cal.3d 712, 715-716; *County of Madera v. Gendron* (1963) 59 Cal.2d 798, 804.)

We are not persuaded to exercise this discretion here because the issues raised are fact specific to this case and do not pose legal questions of broad public interest likely to recur.

Contrary to mother's assertion, this case does not present an issue of continuing public importance. At issue is whether the juvenile court properly determined that the Department failed to satisfy its burden of proving by clear and convincing evidence that section 361.5, subdivision (b)(13) applied to mother and whether it abused its discretion in finding that, even if that subdivision applied, it would be in K.M.'s best interest to give mother reunification services. This is not a situation, as in the cases upon which mother relies (*In re Adrianna P.* (2008) 166 Cal.App.4th 44, 52-53; *In re Christina A.* (2001) 91 Cal.App.4th 1153, 1158-1159), where we must resolve an issue of first impression or one that is likely to recur in other cases. Although K.M. casts the issue as one of law, in reality it is one of fact – whether the Department satisfied its burden of proof.

Even if we were to reverse the juvenile court's order granting mother reunification services, those services already have been terminated. Accordingly, there is no effective relief we might afford by reviewing the merits of K.M.'s contentions. (*In re Jessica K.* (2000) 79 Cal.App.4th 1313, 1315.) Although, as mother points out, we have inherent discretion to resolve issues despite subsequent events (*In re Yvonne W.* (2008) 165 Cal.App.4th 1394, 1403-1404), we decline to exercise that discretion. We therefore conclude K.M.'s challenge to the juvenile court's order granting mother reunification services is moot. In so concluding, we take judicial notice of the juvenile court's May 22, 2013, minute order and orders attached thereto. (Evid. Code, §§ 455, 459.)

## **DISPOSITION**

The appeal is dismissed.

_____

Gomes, Acting P.J.

WE CONCUR:

_____

Kane, J.

_____

Detjen, J.