Filed 12/16/14  Martinez v. City of Watsonville CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| EMILIO MARTINEZ et al., <br><br> Plaintiffs and Appellants, <br><br> v. <br><br> CITY OF WATSONVILLE et al., <br><br> Defendants and Respondents. | No. H038230 <br> (Santa Cruz County <br> Super. Ct. No. CV169473) |

The City of Watsonville's City Charter (the City Charter) relies on the definition of vacancy in Government Code section 1770.[1]  In 2010, section 1770 provided that "[a]n office becomes vacant on the happening of any of the following events before the expiration of the term:  [¶] . . . [¶] . . . [the officeholder's] resignation."  In 2010, respondent City of Watsonville (the City) took the position that a resigning member of the Watsonville City Council whose resignation had not yet become effective would be permitted to participate in the vote to appoint his successor.  The City concluded that a vacancy existed under the City Charter as soon as the resigning member submitted a letter announcing an intent to resign even though the letter made the resignation effective upon the appointment of the member's successor.

---

[1]    Statutory references are to the Government Code.

Appellants Emilio Martinez, Kathleen Morgan-Martinez, and Kenneth Adelman challenged the City's position by seeking injunctive and declaratory relief. Their request for a preliminary injunction was denied, the vote on appointment of the member's successor took place with the resigning member voting, and the successor was unanimously appointed. In 2012, the trial court rejected appellants' challenge on the merits.

Appellants filed an appeal in which they challenged the trial court's construction of section 1770. While this appeal was pending, citizens of the City placed Measure H on the June 2014 ballot to change the City Charter to redefine "vacancy" and to preclude the Watsonville City Council from filling any vacancies by appointment. Measure H was passed by the voters and took effect in June 2014.

The Legislature subsequently passed, and the Governor approved, Assembly Bill No. 1795, which amended sections 1770 and 36512. (Stats. 2014, ch. 725.) Under the amended version of section 1770, "[a]n office becomes vacant on the happening of any of the following events before the expiration of the term: [¶] . . . [¶] . . . His or her resignation, except as provided in paragraph (2). [¶] (2) In the case of the office of city council member, upon the delivery of a letter of resignation by the resigning council member to the city clerk. The letter of resignation may specify a date on which the resignation will become effective." (Stats. 2014, ch. 725, § 1.) The amendment to section 36512 added subdivision (e). The new subdivision (e) provides, in part: "If the city council of a city that elects city council members by or from districts elects to fill a vacancy on the city council by appointment as a result of a city council member resigning from office, the resigning city council member may cast a vote on the appointment if the resignation will go into effect upon the appointment of a successor."[2] (Stats. 2014, ch. 725, § 2.)

---

[2] Watsonville elects its city council members by district.

The City has filed a motion to dismiss the appeal as moot. Appellants oppose this request. They do not challenge the conclusion that this case is moot, but they argue that this case falls within an exception to the general rule that appellate courts do not decide moot cases.

"The primary purpose of the public judiciary is 'to afford a forum for the settlement of litigable matters between disputing parties.' [Citation.] We do not resolve abstract legal issues, even when requested to do so. We resolve real disputes between real people." (*Neary v. Regents of University of California* (1992) 3 Cal.4th 273, 281-282.) "The rendering of advisory opinions falls within neither the functions nor the jurisdiction of this court." (*People ex rel. Lynch v. Superior Court* (1970) 1 Cal.3d 910, 912.) "It is settled that 'the duty of this court, as of every other judicial tribunal, is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.'" (*Paul v. Milk Depots, Inc.* (1964) 62 Cal.2d 129, 132.)

We recognize that there are exceptions to the rule that appellate courts will not issue advisory opinions in moot cases. Under the "public interest" exception, "[i]f an action involves a matter of continuing public interest and the issue is likely to recur, a court may exercise an inherent discretion to resolve that issue, even though an event occurring during its pendency would normally render the matter moot." (*Liberty Mut. Ins. Co. v. Fales* (1973) 8 Cal.3d 712, 715-16; accord *NBC Subsidiary (KNBC-TV), Inc. v. Superior Court* (1999) 20 Cal.4th 1178, 1190, fn. 6.) This exception generally applies only where the issue is otherwise likely to "evade review." (*Conservatorship of Wendland* (2001) 26 Cal.4th 519, 524, fn. 1.)

Appellants assert that this case falls within the "public interest" exception and ask us to exercise our discretion to resolve their challenge despite its mootness. They claim that "the issue in this case" is an important issue of public interest that is likely to recur

and to evade review. The "issue in this case" that was litigated by the parties in the superior court and in the original briefs in this court was the proper application of the 2010 version of section 1770 to a Watsonville City Council member's submission of a letter of resignation that was not effective until the appointment of his successor. *That* issue is plainly unlikely to recur after the passage of Measure H and the amendment of section 1770.

Appellants rely on *Fallbrook Sanitary Dist. v. San Diego Local Agency Formation Com.* (1989) 208 Cal.App.3d 753 (*Fallbrook*) to support their assertion that we should exercise our discretion under the public interest exception. The issue on appeal in *Fallbrook* was whether the respondent, San Diego Local Agency Formation Commission (LAFCO), had the power to make additions to a district's incorporation proposal. (*Fallbrook*, at p. 756.) While the appeal was pending, the incorporation proposal at issue was rejected by the voters. The appellant asked the Fourth District Court of Appeal to resolve the issue despite its mootness. The Fourth District agreed to so do under the public interest exception. It explained that "[t]his [exception] has been applied where, as here, although an intervening election has resolved the parties' dispute, questions concerning the validity or interpretation of a statute remain unanswered." (*Fallbrook*, at p. 757.) The San Diego LAFCO had a practice of making additions to incorporation proposals, so the issue was likely to recur. (*Fallbrook*, at pp. 757-758.)

*Fallbrook* is readily distinguishable. In *Fallbrook*, although the specific action by the respondent was moot, the validity of the respondent's practice of making additions to incorporation proposals remained unresolved, and the practice was likely to recur. In contrast, the practice of the City challenged by appellants cannot recur because the amendment to the City Charter precludes the replacement of a resigning city council member by appointment. In addition, the portion of section 1770 that was the subject of the dispute between the City and appellants has been substantively amended. Our consideration of the proper construction of the pre-amendment version of section 1770

4

would not resolve the proper construction of the post-amendment version of section 1770, which must be construed in light of the amended version of section 36512. Since this entire case both in the superior court and this court has been litigated based on the pre-amendment version of section 1770, it would be an inappropriate exercise of our discretion for us to choose to resolve the proper construction of the post-amendment version of section 1770 in this appeal.

Appellants' reliance on *County of Madera v. Gendron* (1963) 59 Cal.2d 798 (*Madera*) is similarly misplaced. The issues in *Madera* were whether a state statute could constitutionally prohibit a district attorney from engaging in the private practice of law and whether the county could lawfully withhold his salary if he did so. (*Madera*, at p. 800.) The trial court upheld the validity of the statute and ruled that the county could not pay the district attorney if he engaged in the private practice of law. (*Ibid.*) Gendron appealed. By the time the appeal was decided, Gendron had left office and been replaced by a successor. (*Madera*, at p. 803.) The California Supreme Court found that the public interest exception applied because the trial court's ruling would apply to Gendron's successor and the statute would apply to all district attorneys in the state. (*Madera*, at p. 804.)

This case bears no resemblance to *Madera*. Unlike the ruling in *Madera*, the trial court's ruling in favor of the City cannot apply to anyone in the City in the future as a result of the City Charter amendment. While the statute construed by the trial court in *Madera* remained applicable to all district attorneys in the state, the relevant provision of section 1770 that was the focus of the parties' dispute has been substantively amended. *Madera* provides no support for appellants' argument that we should exercise our discretion to decide this moot appeal.

Appellants also argue that we should resolve this appeal despite its mootness because the superior court's ruling was "broad." However, " '[t]rial courts make no binding precedents.' " (*Neary v. Regents of University of California*, *supra*, 3 Cal.4th at

5

p. 282.)  Our dismissal of this appeal on mootness grounds will not establish any precedent on the issue that the parties litigated, and any issue concerning the post-amendment version of section 1770 may be resolved in an appropriate action litigated based on a real dispute to which that statute applies, rather than a moot dispute that was litigated under a superseded version of section 1770.

None of the other cases cited by appellants persuades us that this case presents an appropriate one for us to exercise our discretion and resolve a moot issue.  Accordingly, we grant the City's motion to dismiss.

 

_____
Mihara, J., Acting P. J.

WE CONCUR:

_____
Márquez, J.

_____
Grover, J.